CLAY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-259-CR

PADEN CLAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury found Paden Clay guilty of aggravated assault and assessed his punishment at twenty-five years’ imprisonment.  The trial court sentenced him accordingly.  In three points, Paden appeals his conviction.  We affirm.

II. Factual Sufficiency

In his third point, Paden appears to argue that the evidence is factually insufficient to support his conviction because two of the State’s witnesses were not credible.  Although Paden poses no standard of review for us to use, he does cite to one case that articulates the standard of review for factual sufficiency.  
See Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Additionally, Paden cites no authority for his substantive assertion of error.  Nevertheless, in the interest of justice, we will address the merits of Paden’s complaint.
(footnote: 2)  
See Deckard v. State
, 953 S.W.2d 541, 543 (Tex. App.—Waco 1997, pet. ref’d).

A. Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. Evidence at Trial

Here, Anthony Clay, appellant’s brother, testified that he and Paden had recently purchased a car together.  However, after Anthony heard that Paden had been “driving the car crazy around in a circle, drunk, shooting in the air,” he became concerned and asked Paden to either return the car to him or “get it out of [his] name.”  Paden did not return the car and Anthony learned that Paden had tried to have the car’s registration changed but had been refused because he did not have a Texas driver’s license and had been unable to pay the tag and title fees.  Soon after, Anthony took the car without warning Paden and hid it in his girlfriend’s garage, intending to return it to the car dealer the next morning.  Later that night, Paden approached the bedroom window where Anthony and his girlfriend, Jacqueline Green, were sleeping and demanded that Anthony come outside and talk to him.  Anthony refused and about thirty to forty-five minutes later, a shot was fired through the bedroom window.  Anthony then observed Paden kick in the front door and enter the residence with a gun in his hand.  Seeing Paden walk towards the bedroom with a pistol in his hand, Anthony slammed the bedroom door shut.  However, Paden attempted to force open the door and shouted, “Come out [of] the room, punk ass nigger.  I told you I’d kill you.  Give me my mother fucking car.”  Paden then fired two shots through the door, grazing Anthony in the head.  At that point, Anthony opened the bedroom door and led Paden to the garage.  When Paden looked away, Anthony fled down the street.  The car was later found parked in front of Anthony and Paden’s niece’s house.

Jacqueline Green’s testimony confirmed Anthony’s rendition of the shooting.  Green testified that at about two o’clock in the morning, she heard Paden plead with Anthony to come outside and that thirty to forty-five minutes later she heard a gunshot and felt glass and wood shatter over her face.  After running to her children’s bedroom, she stated that she heard Paden in the house shouting, “I don’t give a damn about you.  I’ll kill you.”  She then heard two more shots before she heard Anthony exclaim, “No man.  You can have the car.”  Green said that she heard at least one more shot before she glimpsed Anthony’s car driving away from the house. 

Paden argues that neither of these witnesses are credible because they both had motive to lie at trial.
(footnote: 3)  Consequently, he appears to assert that the evidence is factually insufficient to support the verdict.  However, Paden fails to recognize that it is not his, the State’s, or even this court’s place to interpret the evidence; it is the jury’s.  
Zuniga
, 144 S.W.3d at 481; 
Cain
, 958 S.W.2d at 407.  It is the jury who has the opportunity to observe the demeanor of all the participants at trial, and it is the jury who must exclusively judge the credibility of the testimony.  
Zuniga
, 144 S.W.3d at 481; 
Cain
, 958 S.W.2d at 407.  Therefore, viewing the evidence in a neutral light, we cannot say that the evidence supporting the verdict is too weak to support the finding of guilty beyond a reasonable doubt or that the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
See Zuniga
, 144 S.W.3d at 484-85.  We overrule Paden’s third point.

III. Admission of 911 Tape 

In his first point, Paden asserts that the trial court abused its discretion by admitting a 911 tape recording made by a witness who was awakened by the sound of gunshots in the neighborhood because the evidence was cumulative and prejudicial.  In addition, he asserts that the admission of the tape recording improperly “bolstered” the witness’s credibility.  As in his third point, Paden offers very little authority to support his arguments.  He provides no authority to support his contention that the 911 tape evidence was cumulative with respect to the other evidence that would be presented.  Nor does he cite any authority to support his assertion that the  admission of the 911 tape improperly bolstered the witness’s credibility.  Therefore, we find that these arguments have been forfeited due to inadequate briefing on appeal.  
See
 
Tex. R. App. P
. 38.1(h); 
Jackson v. State
, 50 S.W.3d 579, 591 n.1 (Tex. App.—Fort Worth 2001, pet. ref’d) (explaining that by raising an issue and failing to present any argument or authority on that issue, the party forfeits that issue). 

Paden also argues that the 911 tape evidence was unfairly prejudicial because he was not given an opportunity to confront or cross-examine the 911 operator.  However, Paden did not make this objection at trial.  Instead, he objected to this evidence on the basis that it would improperly “prejudice [the] jury from the standpoint of emotion and outrage.”  
The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited. 
 
Heidelberg
 
v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004)
; 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Therefore, because Paden’s argument on appeal differs from the argument raised in the trial court, he has forfeited this issue.  
See
 
Tex. R. App
. P. 33.1(a)(1); 
Mendez v. State
, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); 
Rezac
, 782 S.W.2d at 870
.  
We overrule Paden’s first point.

IV.
 
 Admission of Identification Testimony

In his second point, Paden asserts that the trial court abused its discretion by admitting the hearsay testimony of Officer Erwin, the police officer who testified that Anthony identified Paden as the person who had shot him.  He asserts that the admission of this hearsay statement denied him his right to confront and cross-examine his accuser at trial.  To preserve error on Confrontation Clause grounds, an objection must be made at trial as soon as the basis for such objection becomes apparent.
  Wright v. State
, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000), 
cert. denied
, 531 U.S. 1128 (2001).  An objection on hearsay does not preserve error on Confrontation Clause grounds
.  Paredes v. State
, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).  A trial, Paden did not object on Confrontation Clause grounds.  Because Paden’s point on appeal does not comport with the objection made at trial, he has forfeited this point.  
See Banda v. State
,
 
890 S.W.2d 42, 62 (Tex. Crim. App. 1994), 
cert. denied
, 515 U.S. 1105 (1995).  Accordingly, Paden’s second point is overruled.

V. Conclusion

Having overruled all three of Paden’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 4, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
“
In a factual sufficiency challenge, a summary of the relevant testimony or other evidence relevant to the specific element being challenged, 
along with appropriate citations to authorities 
and the record, should be contained in the brief 
with an analysis of the standard of review
.”  
Gallegos v. State
, 76 S.W.3d 224, 228 (Tex. App.—Dallas 2002, pet. ref’d) (emphasis added).

3:
Paden argues that Green’s testimony was based on what Anthony had told her about the shooting and that she never actually saw Paden at any time on the night of the shooting.  He also contends that Anthony lied by not disclosing the other reasons he may have been shot, including his membership in a gang and his dope dealings.